UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARFIELD LAWSON,

        Petitioner,

v.

DAVID GUNDY,

        Respondent.

Case No. 1:02-cv-519

Honorable Richard Alan Enslen

## ORDER LIFTING STAY AND DENYING AMENDMENT OF PETITION

        This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Following a jury trial, Petitioner was convicted on May 7, 1999 of six offenses: (1) escaping from jail by violence, (2) disarming a peace officer, (3) armed robbery, (4) assault with intent to murder, (5) receiving, possessing or concealing a stolen firearm, and (6) possessing a firearm during the commission of a felony. The Michigan Court of Appeals affirmed his convictions on April 20, 2001. Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave on November 30, 2001. Petitioner filed the instant petition on or about July 18, 2002.

        On March 4, 2003, Petitioner moved to voluntarily dismiss the action (Dkt. No. 30) so that he could exhaust certain additional claims not previously brought before the state courts. This Court granted the motion in part (Dkt. Nos. #32 & 33), permitting Petitioner to return to state court to exhaust his previously unexhausted claims while the Court held in abeyance his habeas petition until state-court review was complete. The grant of the stay was contingent upon Petitioner's compliance with the instructions of the Court to: (1) return to the state courts within 30

days of the Court's order; (2) complete and file an affidavit reporting his return within 45 days of the order; and (3) file an amended petition adding the newly exhausted claims within 30 days of the final decision of the Michigan Supreme Court.

Petitioner partially complied with the Court's April 25, 2003 Order. On or about May 22, 2003, Petitioner filed an affidavit (Dkt. No. 34) declaring that he had returned to the state court on May 19, 2003, and further declaring that he had raised five additional issues described in the affidavit. The Court therefore stayed the action and administratively closed the case on May 29, 2003.

On or about March 27, 2005, Petitioner filed another affidavit, in which he declares that on February 11, 2005, the Michigan Supreme Court denied his appeal. In support of his affidavit, Petitioner attaches the form letter he received from the Michigan Supreme Court, rejecting for filing Petitioner's delayed application for leave to appeal. According to the letter from the supreme court, Petitioner's application for leave to appeal was returned to him unfiled because it was submitted to the court beyond the 56 days permitted to file such application for leave to appeal. (*See* Dkt. No. 36, Ex. 1.)

In his affidavit of March 27, 2005, Petitioner acknowledges that he is aware that the 30-day time period set forth in this Court's April 25, 2003 order began to run on February 11, 2005. He requests further instruction from this Court as to the form the amended petition should take. (*See* Dkt. No. 36.)

As is apparent from the Court's recitation of the procedural history of this action, Petitioner has failed to comply with the Court's April 25, 2003 Opinion and Order permitting him to exhaust additional grounds for habeas relief and, ultimately, to amend his petition to include those

grounds. Although Petitioner returned to state court within the time period allowed by the Court, he did not return to this Court within the 30 days ordered by the Court. Instead, Petitioner acknowledges that the Michigan Supreme Court rejected his application for leave to appeal as untimely on February 11, 2005. Petitioner, however, has not yet filed an amended petition as directed by the Court in its April 25, 2003 Opinion and Order. Moreover, even assuming that Petitioner was confused about which precise document he was required to file within 30 days, Petitioner did not file any document, including his affidavit seeking further clarification, until at least March 27, 2005, well over 30 days after the Michigan Supreme Court's action. His return to this Court, therefore, was not in compliance with the Court's Order.

Because Petitioner has failed to comply with the Court's April 25, 2003 Opinion and Order granting stay, the Court will not permit Petitioner to amend his petition to add claims raised in the Michigan courts after that date. Petitioner therefore may proceed only on the claims raised in his original petition.[1] Accordingly,

---

[1] The Court observes that, as a practical matter, any amendment of the petition to add the additional claims undoubtedly would be futile. Because Petitioner was untimely in his request for relief to the Michigan Supreme Court, his new claims never have been fairly presented to the state's highest court, and they are therefore unexhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (to fulfill the exhaustion requirement of 28 U.S.C. § 2254(b)(1), a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.). Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)). Because the Michigan Supreme Court will not accept applications for leave to appeal filed more than 56 days after entry of an order by the Michigan Court of Appeals, MICH. CT. R. 7.302(C)(2), Petitioner's claims were not presented in a procedurally appropriate manner and therefore are unexhausted.

Lack of exhaustion only bars habeas review if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the petitioner,

**IT IS HEREBY ORDERED** that the stay granted on May 29, 2003 is hereby lifted and the case is reopened.

**IT IS FURTHER ORDERED** that Petitioner is denied permission to amend his petition to add new claims and the Court will review only the merits of the claims set forth in the original petition.

DATED in Kalamazoo, MI:
June 13, 2005

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE

---

exhaustion does not present a problem, but the claim is procedurally defaulted and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.* Petitioner has made no attempt to show cause excusing his state-court default and it is unlikely that he could do so.